## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1330 | **DATE** | May 21, 2008 |
| **CASE TITLE** | Tyrone Owens (#2007-0076179) vs. Dr. Ali, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form with the supporting information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee. The plaintiff must also submit an amended complaint (plus a judge's copy and service copies). The clerk is directed to send the plaintiff an i.f.p. application, an amended complaint form, and instructions along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case.

■ **[For further details see text below.]**                                                                 Docketing to mail notices.

### STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the Cook County Jail, have violated the plaintiff's constitutional rights by acting with deliberate indifference to his medical needs and by retaliating against him for his grievances and lawsuits.

An identical pleading was filed as an amended complaint in *Owens v. Dart*, Case No. 07 C 6800 (N.D. Ill.) and stricken. *See* Minute Order of March 6, 2008 (Holderman, J.). In that order, the court directed the plaintiff to file a separate action regarding his medical care, in accordance with Fed. R. Civ. P. 18(a) and 20(a) and *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

It is now apparent that the plaintiff may have intended to initiate a second lawsuit; however, for the same reasons discussed in the court's order entered under Case No. 07 C 6800, the stricken complaint cannot serve as the basis for a new lawsuit. Because the instant complaint contains claims that significantly overlap with the complaint on file in Case No. 07 C 6800 (which focuses on alleged retaliation and inhumane conditions of confinement), the plaintiff must submit an amended complaint in this case limited to his medical claims.

For the foregoing reasons, the court dismisses the complaint without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the court's required form. The amended complaint should set forth only the plaintiff's medical claims and identify as defendants only those who have allegedly **(CONTINUED)**

mjm

**STATEMENT (continued)**

denied the plaintiff needed medical treatment (or access to medical care). The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. All copies must be exact and complete duplicates, including any attachments.**

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants relating to the plaintiff's medical care must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

As an additional concern, the plaintiff has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis* on a second lawsuit. The Prison Litigation Reform Act ("PLRA") requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. The court must first assess an initial partial filing fee on all inmates who bring suit in an amount that is 20% of the greater of (A) the average monthly deposits in the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal. 28 U.S.C. § 1915(b)(1). The court will direct prison officials to deduct the initial filing fee payment directly from the plaintiff's trust fund account. Thereafter, correctional authorities having custody of the plaintiff will have authority (and are required) to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the court to make the necessary initial assessment of the filing fee, the plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Thus, if the plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this court together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the immediately preceding six-month period (that is, from September 3, 2007, to March 3, 2008). The plaintiff must, within thirty days, **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee.

In sum, the plaintiff must: (1) either file a properly completed petition to proceed *in forma pauperis* or pay the statutory filing fee; and (2) submit an amended complaint, plus judge's and service copies, relating to the plaintiff's medical care only. The Clerk will provide the plaintiff with the necessary forms along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case, on the understanding that the plaintiff does not wish to pursue a second lawsuit.