# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1330 | **DATE** | July 30, 2008 |
| **CASE TITLE** | Tyrone Owens (#2007-0076179) vs. Dr. Ali, et al. | | |

**DOCKET ENTRY TEXT:**

The court's Minute Order of June 13, 2008, granting the plaintiff leave to proceed *in forma pauperis* is vacated and i.f.p. status is revoked. The plaintiff's application to proceed *in forma pauperis* is denied pursuant to 28 U.S.C. § 1915(g), the plaintiff having incurred three "strikes." The plaintiff is given thirty days from the date of this order to pay the full $350.00 statutory filing fee. Failure to pay the filing fee within thirty days will result in summary dismissal of this case. *See* N.D. Ill. Local Rule 3.3(e).

■ [**For further details see text below.**]　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　　　The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12101. The plaintiff claims that the defendants, correctional officials and health care providers at the Cook County Jail, violated the plaintiff's constitutional rights and the Americans with Disabilities Act by acting with deliberate indifference to his medical needs and by failing to accommodate his disability. The plaintiff additionally alleges that the purported denial of needed medical care was motivated, at least in part, by retaliatory animus on account of the plaintiff's grievances and lawsuits.

　　　　By Minute Order of June 13, 2008, the court granted the plaintiff leave to proceed *in forma pauperis*. However, further review of the plaintiff's prior cases in light of the Seventh Circuit's decision in *George v. Smith*, 507 F.3d 602, 605 (7th Cir. 2007), reveals that plaintiff accumulated at least three "strikes" prior to filing the instant suit. Under 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."
**(CONTINUED)**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　mjm

**STATEMENT (continued)**

Under *George*, when a prisoner files a multi-claim, multi-defendant suit, "the district court should evaluate each **claim** for the purpose of § 1915(g)." *George v. Smith,* 507 F.3d at 607(emphasis added). A strike is warranted when a prisoner files "a complaint containing a frivolous claim." *Id.* at 608. To incur a strike, the entire case need not be dismissed as frivolous or for failure to state a claim. Rather, in accordance with *George*, so long as any claim in a prior suit was dismissed as frivolous or malicious, or for failure to state claim, the dismissal may count as a strike. *Id.*; *see also Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004) (warning that when prisoners seek to file a complaint jointly, each plaintiff may incur a strike if any claim in a complaint or appeal is frivolous, malicious, or fails to state a claim upon which relief may be granted, regardless of whether other claims raised therein have merit).

As least one of Mr. Owens' previous actions in this district, filed while he was incarcerated or detained, was dismissed in its entirety for failure to state a claim. *See Owens v. Sheahan*, No. 03 C 6410 (N.D. Ill.), dismissed on initial review by Minute Order of September 16, 2003 (Holderman, J.). In addition, frivolous claims were dismissed on threshold review pursuant to 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A in two other cases: *See Owens v. Cook County Jail*, Case No. 01 C 7534 (N.D. Ill.), Minute Order of November 5, 2001 (Holderman, J.); and *Owens v. Burgess*, No. 02-0942 (S.D. Ill.), Minute Order of July 8, 2004 (Herndon, J.). The U.S. Party/Case Index reflects that each of these cases concluded prior to the plaintiff's initiation of the instant case.

In *George*, the plaintiff incurred a strike for the district court's dismissal of a claim as frivolous, even though several of the plaintiff's other claims were not frivolous and were resolved on summary judgment. *George*, 507 F.3d at 606 (*citing* 2005 WL 1812890 (W.D. Wis. Aug. 2, 2005)). Consequently, in accordance with *George*, a strike is warranted for each of Owens' cases cited above where claims were dismissed as non-actionable. The plaintiff therefore accumulated at least three strikes prior to bringing the case at bar. *See id.* at 607-08.

The authorization for retroactive application of *George* is implicit. Numerous courts have considered the retroactive application of § 1915(g) on civil actions filed by prisoners. The courts have uniformly held that pre-PLRA dismissals should be counted as "strikes." *See Lucien v. Jockisch,* 133 F.3d 464, 469 (7th Cir. 1998); *Tierney v. Kupers,* 128 F.3d 1310 (9th Cir. 1997); *Adepegba v. Hammons,* 103 F.3d 383 (5th Cir. 1996); *Abdul-Wadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996); *Green v. Nottingham,* 90 F.3d 415 (10th Cir. 1996). By the same reasoning, pre-*George* dismissals of non-meritorious claims must be treated as "strikes."

Having accumulated at least three strikes prior to bringing the instant suit, the plaintiff may not proceed *in forma pauperis* in this case unless he faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Before denying a motion to proceed *in forma pauperis*, a court must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). The imminent danger standard requires that the threat or prison condition "be real and proximate." *Ibid.* "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Id.* **(CONTINUED)**

**STATEMENT (continued)**

(*citing Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)).  Here, although the plaintiff is deliberate indifference to his medical needs, he does not suggest that he faces a significant threat to his health or well-being. This case does not present imminent danger of serious physical injury.

For the foregoing reasons, the court vacates the prior order granting the plaintiff leave to proceed *in forma pauperis* and hereby revokes the plaintiff's i.f.p. status.  The plaintiff must pay the full statutory filing fee of $350.00.  Failure to pay the filing fee within thirty days of the date of this order will result in dismissal of this case. *See* N.D. Ill. Local Rule 3.3(e).  The plaintiff may make payment of the filing fee by check or money order, which clearly identifies the name and case number of this suit, to the Clerk of Court, United States District Court, 219 S. Dearborn St., 20th Floor, Chicago, Illinois 60604.